| 52 | 607 |
| 57 | 359 |
| 57 | 360 |

## In the matter of GEORGE MATHER'S SONS' COMPANY.

1. Where a receiver has been appointed for an insolvent corporation and has taken possession of its assets and exercises its franchises, he is a necessary party to a petition by the state for an injunction to restrain the further exercise of any franchise or transaction of any business of the company by him, because of the corporation's non-payment of the state franchise tax.

2. Where an insolvent corporation is of a public character, its property and work being dependent upon the franchise and the public being interested in the continuance of its work, its receiver must pay the state's franchise tax until the franchise of the corporation shall be sold.

3. Where an insolvent corporation is of a mere private character and it is not the duty of the receiver to preserve the franchise, and he does not, in fact, exercise the franchise, he will not be obliged to pay any other franchise tax than that which was due at the time of his appointment, unless he shall realize from the assets of the company more than sufficient to pay its debts and the expenses of the receivership, and then, before distributing to stockholders, he will pay any franchise tax that may have been assessed subsequent to his appointment.

4. If a receiver of a private insolvent corporation shall continue its business, using its franchise, he shall pay the franchise tax assessed while he continues the business, using the franchise.

On petitions by receiver and attorney-general.

On the 4th of April, 1894, the George Mather's Sons' Company was decreed to be insolvent and a receiver was appointed, under the seventy-second section of the Corporation act, to take its assets, sell the same, pay into this court the moneys arising from such sales or otherwise had, in order that the same might from time to time be disposed of among the creditors of the company after the payment of the expenses of the receivership and the costs of the suit in which he was appointed. Upon such appointment the insolvent company was enjoined from collecting or disposing of its assets and from exercising its franchises. Subsequently, it being made to appear to the chancellor that the business of the company might be continued by the receiver with profit to his trust, enhancement of the value of the assets which had come to his hands and probable advantage to the insolvent corporation, he was authorized to continue it.

The attorney-general has given notice to the receiver that he will apply for an injunction to restrain the insolvent corporation from all further exercise of any franchise and transaction of any business in this state, because of its non-payment of the state franchise tax of one-tenth of one per cent. imposed for the year 1893, in virtue of the act of April 18th, 1884, and its supplements. *Rev. Sup. 1017; P. L. of 1891 p. 150; 1892 p. 136.*

The receiver denies that such an injunction, if granted, will affect him in the conduct of the business of the company, and at the same time urges that, as this court has already enjoined the

Mather's Sons' Co.'s Case.

corporation from exercising its franchises and transacting its business, and as such injunction is obeyed by the said insolvent corporation, the additional injunction, which the attorney-general now seeks, will be useless, and therefore, by his petition, he asks that it be denied. He does not ask to intervene as a party to the proceeding in which the injunction is desired, fearing that upon such intervention he may be bound by the injunction if issued. The attorney-general does not ask to make the receiver a party to his petition, but presses his application for the injunction against the insolvent company.

*Mr. Chauncey G. Parker*, for the receiver.

*Mr. William Y. Johnson*, for the state.

THE CHANCELLOR.

The receiver should be made a party to the state's petition for injunction. The entire assets of the company are in his hands, and he alone is continuing the business of the company. He acts as the representative of the creditors and stockholders of the company, for the purpose of securing to them respectively their debts and the repayment of their capital out of the assets. His position is independent of the corporate entity, so that he cannot, in any sense, be regarded as its agent, and, as such, be bound, in his proceedings, by an injunction issued against the company alone. In order to stay his prosecution of the business, the proper practice is to make him a party to the state's petition for injunction, first obtaining permission for that purpose from the court whose officer he is. *Vanderbilt* v. *Central Railroad Co.*, *16 Stew. Eq. 669.*

A receiver does not necessarily in every case deal with the corporate entity or its franchise. His duty may be confined entirely to the administration of assets which exist at the time of his appointment. Our Corporation act contemplates two classes of insolvent corporations—(1) those of a public character, such as a canal, railroad or turnpike corporation, whose property and work are dependent upon the franchise and in whose continuance the public is interested, and (2) those which are mere private.

enterprises, incorporated merely to secure the franchise which enables the prosecution of a lawful business, and at the same time protects against individual liability and serves convenience in adjusting changes in the ownership of the capital invested. In the former class, the franchise is taken by the receiver, kept alive by performance of corporate duties and ultimately sold. In the latter class, it may be, and, after insolvency, generally is, valueless, and no duty necessarily devolves upon the receiver to care for it. In the latter case, the receiver simply takes the assets of the corporation into his possession, protects them, discreetly reduces them to money and distributes that money as the court directs, first to the creditors, until their claims are satisfied, and then to the stockholders. *Vanderbilt* v. *Central Railroad Co.*, *16 Stew. Eq. 669, 682.*

It follows, as to the first of these classes, from the receiver's duty to preserve the franchise, that he must pay the franchise tax from year to year until the franchise passes from him. But in the second class, he will pay only that franchise tax which becomes a debt of the corporation prior to his appointment (*Rev. Sup. p. 1017 § 6*), unless he shall, for any purpose in pursuance of the execution of his trust, exercise the franchise of the company, and then he will pay as long as he shall use the franchise. He cannot sell that franchise, nor will he in any way terminate the entity of the corporation. That entity remains after he takes the assets, until terminated by other power than the receiver, as does the bankrupt man after his property is taken by his assignee, to build up for itself, if that be possible, other assets. At the insolvency the then existing assets are severed from it and appropriated for the payment of the debts of existing creditors fastened upon it (*Graham Button Co.* v. *Spielman, 5 Dick. Ch. Rep. 124*), and are not held to answer obligations that may thereafter be incurred by the continuing entity from which they have been severed. I should add, however, that if, after the creditors of such an insolvent corporation have been paid in full, there remains some money to distribute to stockholders, the receiver should pay all franchise taxes assessed after his appointment, before he makes any distribution to stockhold-

ers, because it is the capital of the corporation that he then holds, which is pledged to satisfy all obligations of the corporation before it is free to be returned to the shareholders.

What is to be considered an exercise of the franchise of an insolvent corporation by a receiver may vary with the circumstances in each case. Where the ordinary and usual business of the corporation is continued, as in the present instance, at a profit, in the name of the company, by the receiver, in the hope that the financial difficulties may be adjusted and the assets may be restored to the company, there can be little hesitation in concluding that it is the duty of the receiver to pay the tax while he continues the business.

The tax now considered is for the year 1893, and was due when the receiver took possession of the assets. By law it is entitled to preference in payment. *Rev. Sup. p. 1017 § 6.* The receiver is abundantly able to pay that tax at once, and he will be directed to do so. He will also pay the costs of the attorney-general's petition. If necessity therefor should arise, the court will permit the petition to be amended by making the receiver a party to it.